**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **SHERMAN BOLIVAR ARON KASPAR, JR,** | § § § | |
| *Plaintiff,* | § § | **EP-20-CV-00245-RFC** |
| **v.** | § § | |
| **RYDER INTEGRATED LOGISTICS, INC. and RYDER TRUCK RENTAL, INC.,** | § § § | |
| *Defendant.* | § | |

## ORDER DENYING MOTION FOR REMAND

**ON THIS DAY** came for consideration "Plaintiff's Corrected Motion for Remand." (ECF No. 4.) Both parties consented to trial on the merits before a United States Magistrate Judge and on October 23, 2020, the Honorable Judge David C. Guaderrama transferred the case to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C of the Local Court Rules of this district. (ECF No. 5.) After due consideration, the Court is of the opinion that the Motion should be **DENIED**.

**I.   PROCEDURAL AND FACTUAL BACKGROUND**

On August 20, 2020, Plaintiff filed suit against Defendant in County Court at Law Number 7 in El Paso County, Texas, asserting the applicability of the Texas Workers' Compensation Act ("TWCA"). (ECF No. 1:1); Tex. Labor Code Ann. § 406.033. Defendant was served with notice of suit on August 28, 2020, and then timely filed its Notice of Removal with this Court on September 21, 2020, alleging diversity jurisdiction. (ECF No. 1.)

On October 16, 2020, Plaintiff filed his Motion to Remand, arguing that this "cause of action arises under the workers' compensation laws of the State of Texas and may not be removed." (ECF No. 4:1), *citing* 28 U.S.C. § 1445(c). On October 23, 2020, Defendant filed its

Response, arguing that Plaintiff's cause of action arises under Texas common law, and was thus properly removed on diversity grounds. (ECF No. 7.)

## II. DISCUSSION

### a. Standard of Review

"The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

### b. Analysis

Plaintiff argues that this case should be remanded to state court because negligence claims against nonsubscribing[1] employers are nonremovable pursuant to 28 U.S.C. § 1445(c). (ECF No. 4:3.)

28 U.S.C. § 1445 makes certain actions nonremovable. Relevant to this case, "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). The Fifth Circuit has held that "arising under" in § 1445(c) should be construed in the same manner as "arising under" in § 1331, the federal question statute. *Jones v. Roadway Exp., Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991). To determine whether a claim "arises under" federal law, the Court first asks whether a federal law creates the cause of action. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S.

---

[1] "A 'nonsubscribing employer is one that is not covered by workers' compensation insurance obtained in a manner authorized by Tex. Lab. Code Ann. § 406.003. An employer covered by workers' compensation is subject to limited liability for death and injury sustained by an employee in the course and scope of employment without regard to whether the employer acted negligently. A nonsubscribing employer is subject to unlimited liability for death and injury sustained by an employee in the course and scope of employment, but only where the employer acted negligently." *Casas v. R & L Carriers, Inc.*, No. EP-17-CV-122-PRM, 2017 U.S. Dist. LEXIS 181925, at *3 (W.D. Tex. June 12, 2017).

677, 690 (2006).  If not, the Court then asks whether the plaintiff's right to relief in the cause of action necessarily depends on the resolution of a substantial question of federal law.  *Id.*

There is a presumption against a broad construction of "arising under" in the context of § 1331.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (2017) ("[F]ederal courts are courts of limited jurisdiction . . . [and] it should be presumed that a cause lies outside of that limited jurisdiction.")  As Judge Cardone noted in *Gomez v. O'Reilly*, there is a tension between the restrictive construction of "arising under" in § 1331 and § 1445(c) on the one hand and the broad construction of § 1445(c) in favor of remand on the other.  *Gomez v. O'Reilly Automotive Stores, Inc.*, 283 F.Supp.3d 569, 572 (W.D. Tex. Dec. 19, 2017).

Plaintiff's Motion depends on the applicability of the TWCA to a negligence claim against a nonsubscribing employer.  In essence, this Court must decide whether the source of Plaintiff's negligence claim is the TWCA or common law.  In the latter instance, the TWCA could be thought of as a statutory modification to the common law claim of negligence.  On this issue, the Fifth Circuit's opinion in *Rentech* and the Supreme Court of Texas' opinion in *Kroger* are instructive.  *Am. Int'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558 (5th Cir. 2010); *Kroger v. Keng*, 23 S.W. 3d 347 (Tex. 2000).

In *Kroger*, the Supreme Court of Texas explained in dicta how the TWCA modified negligence claims against nonsubscriber employers.  23 S.W. 3d at 350-351 ("In enacting section 406.033 and its predecessors, the Legislature intended to delineate explicitly the structure of an employee's personal-injury action against his or her nonsubscribing employer.").  The Court explained that the TWCA merely altered the possible defenses and potential liability of a defendant subject to a common law negligence scheme.  *Id.*

3

The Fifth Circuit, commenting on *Kroger v. Keng*, succinctly summarized that Court's reasoning as follows: "The Texas Supreme Court in *Kroger* [citation] indicated in dicta that a negligence claim against a non-subscriber is modified by the TWCA, but remains a claim at common law." *Rentech*, 620 F.3d at 564. Reasoning by analogy, the Court wrote: "Many common-law claims are 'governed' by statutes of limitations, but those statutes neither give rise to the cause of action they govern, nor do they obligate any party to pay a judgment arising from a governed claim." *Id.* at 565.

The Court is persuaded by the reasoning in *Rentech* and *Kroger* that the TWCA does not create Plaintiff's cause of action, but merely modifies aspects of it. Rather, Plaintiff's negligence claim against Defendant arises from Texas common law. *Kroger*, 23 S.W. 3d at 350. As such, Plaintiff's claims for negligence against Defendant do not "arise under" a workmen's compensation law of the state of Texas, and are thus not subject to remand. 28 U.S.C. § 1445(c).

The Court notes that this issue has been addressed several times recently in the Western District of Texas' El Paso division, with differing outcomes. *Compare Trevizo v. Home Depot U.S.A., Inc.,* No. EP-17-CV-00071-DCG, 2017 U.S. Dist. LEXIS 183490 (W.D. Tex. April 28, 2017) (remanding on substantially similar facts, citing split sister court decisions as evidence of ambiguity) *with Gomez v. O'Reilly Auto Stores*, Inc., 283 F.Supp.3d 569 (W.D. Tex. Dec. 19, 2017) (denying remand, following reasoning in *Rentech* and *Kroger*) and *Casas v. R & L Carriers, Inc.*, No. EP-17-CV-122-PRM, slip op. at 7 (W.D. Tex. June 12, 2017) (same).

"[T]he fact that district courts come out differently on this issue does not, by itself, create sufficient ambiguity such that remand is appropriate . . . just because other courts have found [differently] does not prevent this Court from conducting its own analysis." *Poljanec v. Home Depot U.S.A. Inc.*, No. SA-14-CV-318-XR, 2014 WL 2050946 (W.D. Tex. May 19, 2014).

Moreover, the Court finds that a growing consensus favoring remand has emerged amongst the Fifth Circuit's Texas district courts since *Trevizo* was decided. *See Gomez*, 283 F.Supp.3d at 578 (collecting cases); *Mendez v. Wal-Mart Assocs., Inc.*, No. EP-18-CV-189-PRM, 2018 WL 7288581 (W.D. Tex. Sept. 10, 2018); *Varela v. Home Depot U.S.A., Inc.*, No. 4:18-CV-952-A, 2019 WL 1041335 (N.D. Tex. Mar. 4, 2019); *Wagner v. FedEx Freight, Inc.*, 315 F. Supp. 3d 916 (N.D. Tex. 2018); *Odom v. Tyson Foods, Inc.*, No. 6:10-CV-667, 2011 WL 13141414 (E.D. Tex. Feb. 10, 2011).

As there appears to be a consensus amongst Texas federal district courts, and as the Court finds the reasoning in *Rentech* and *Kroger* to be persuasive on the issue, the Court concludes that Plaintiff's Motion should be denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand (ECF No. 4) is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED** this 17th day of November, 2020.

ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE